IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal No. RDB-16-0364 |
| JEROME GRAY, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Defendant Jerome Gray ("Defendant" or "Gray") seeks compassionate release from incarceration at Federal Medical Center ("FMC") Lexington, where 76 inmates and 3 staff members have tested positive for COVID-19. Gray is 66 years of age and suffers from coronary artery disease ("CAD"), hypertension, Type II diabetes with diabetic neuropathy, and osteoarthritis of the knees. He is currently serving an 84-month (7-year) term of imprisonment for conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. (Judgment & Commitment Order ("J&C"), ECF No. 393.) Gray has been in federal custody since August 18, 2016. (*Id.*) Accordingly, he has served over 45 months of his 84-month sentence.

Now pending is Gray's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) which has been supplemented by the Office of the Federal Public Defender pursuant to Standing Order 2019-04. (ECF Nos. 466, 469). The Government opposes the motion. (ECF No. 475) (\*SEALED\*). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Gray's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 466,

469) is GRANTED.  Gray's sentence is reduced to time served and upon expiration of a 14-day quarantine period, he shall be released to the custody of his former spouse, Diona Gray, at her residence in Martinsburg, West Virginia and commence a 4-year period of supervised release.

## BACKGROUND

On September 13, 2016, the grand jury for the District of Maryland returned an 11-count Second Superseding Indictment charging Gray and several other Defendants.  Gray was charged in Count One with conspiracy to distribute and possess with intent to distribute heroin, in violation of 18 U.S.C. § 846.  On April 26, 2017, Gray pled guilty to that offense pursuant to the terms of a plea agreement.  (Arraignment, ECF No. 142; Plea Agreement, ECF No. 143.)

On June 14, 2018, this Court imposed a sentence of 84 months of incarceration.  (J&C, ECF No. 393.) The sentence was based in part on the agreed-upon Guidelines calculation submitted by Gray and the Government, as well as the findings in the Presentence Investigation Report ("PSR").  The parties stipulated that a base offense level of 30 applied pursuant to U.S.S.G. § 2D1.1(c)(5).  (Plea Agreement ¶ 6(b).)  Gray stipulated that a firearm was possessed during the conspiracy, requiring a 2-level increase and producing an offense level of 32.  (*Id.*)  A 3-level reduction for acceptance of responsibility resulted in a total offense level of 29.  (*Id.* ¶ 6(c); PSR ¶ 21, ECF No. 177.)  At sentencing, this Court granted a further 3-level reduction for the reasons indicated on the record, reducing the offense level to 26.  A criminal history category of III applied as a result of a 1987 conviction for assault with intent to murder, assault on an officer, and possession of a handgun.  (PSR ¶¶ 27-29.)  The offense

level of 26 and criminal history category of III produced a Guidelines range of 78 to 97 months of incarceration. Ultimately, this Court imposed an 84-month sentence, a sentence falling within the middle of the advisory Guidelines range. (J&C, ECF No. 393.)

On March 13, 2020, Gray submitted a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c), which has been supplemented by the Office of the Federal Public Defender pursuant to Standing Order 2019-04 of this Court. (ECF Nos. 466, 469). The Government opposes the motion. (ECF No. 475) (*SEALED*).

## ANALYSIS

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Before the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

## I. Administrative Exhaustion Requirements.

There is no dispute that Gray has satisfied the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). On October 23, 2019, Gray submitted a request to reduce his sentence to the Warden of FMC Lexington. (ECF No. 475-1) (*SEALED*). The Warden denied the request on November 12, 2019. (ECF No. 475-2) (*SEALED*). Well after the thirty-day waiting period expired, Gray filed the instant Motion for Compassionate Release on March 13, 2020.

## II. Extraordinary and Compelling Reasons.

Gray has presented extraordinary and compelling reasons justifying his release from incarceration. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly a defendant who is "(i) at least 65 years of old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years of 75 percent of his or her term of imprisonment, whichever is less" presents extraordinary and compelling reasons to release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Sentencing Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. *Id.* § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prison's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Accordingly, this Court may find "extraordinary and compelling reasons" justifying a sentence reduction in circumstances which have not been identified by the Sentencing Commission or the Bureau of Prisons.

Gray's circumstances closely resemble the circumstances described in U.S.S.G. § 1B1.13 cmt. n.1(A) and (B). Gray is 66 years of age and suffers from a host of serious medical conditions, namely: coronary artery disease ("CAD"), hypertension, Type II diabetes with diabetic neuropathy, and osteoarthritis of the knees. (ECF No. 471-1, 471-5.) As a result of the latter condition, Gray is a candidate for total knee replacement surgery and requires the use of a cane and wheelchair. (ECF No. 471-7.) Finally, Gray has already served roughly half of his sentence. Although Gray may not precisely fit within the criteria identified by the Sentencing Commission, his age, medical conditions, and term of confinement nevertheless produce extraordinary and compelling reasons warranting release from incarceration. Such a finding is especially warranted in light of the ongoing COVID-19 Pandemic.

Gray's medical conditions place him at greater risk of developing severe complications from the spread of COVID-19 within FMC Lexington. The Bureau of Prisons reports that

76 inmates and 3 staff members of FMC Lexington have tested positive for COVID-19.[1]  As acknowledged by Attorney General William Barr in his March 26, 2020 memorandum to the Director of the BOP, COVID-19 poses unique risks to elderly and vulnerable inmates like Gray.  *See* Dep't of Justice, Office of the Attorney General, *Memorandum for Director of Bureau Prisons* (Mar. 26, 2020), https://www.themarshallproject.org/documents/6820452-Memorandum-from-Attorney-General-to-BOP-re-Home.  In response to an increasing number of compassionate release motions due to COVID-19, district courts have increasingly granted such motions when it is clear that COVID-19 poses an extraordinary and compelling reason for release of a particularly vulnerable, non-violent defendant.  *See, e.g., United States v. Foster*, No. 1:14-cr-423-02, Dkt. No. 191 (M.D. Pa. Apr. 3, 2020) (granting release of defendant whose lung disease "may very well equate a COVID-19 diagnosis with a death sentence"); *United States v. Colvin*, Criminal No. 3:19cr179-JBA, 2020 WL 1613943 (D. Conn. Apr. 2, 2020) (granting compassionate release of defendant with "diabetes, a 'serious…medical condition,' which substantially increases her risk of severe illness if she contracts COVID-19.").  Gray's case falls directly in line with these cases warranting compassionate release.

**III.    Application of 18 U.S.C. § 3553(a).**

Before imposing a reduction in sentence, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).  Accordingly, this Court must consider (1) Gray's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense,

---

[1] Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/.

deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See Bryant*, 2020 WL 2085471 at *4.

Gray's personal characteristics weigh in favor of a reduction in sentence to time served. Gray was not alleged to have played a violent role in the conspiracy as to which he pled guilty. The Presentence Investigation Report (ECF No. 177) reflects two drug convictions in the early to mid-1980s. He was convicted on two counts of assault with intent to murder and assault on an officer in the Circuit Court for Anne Arundel County in 1987. At 66 years of age and suffering from a variety of serious medical conditions, it is highly unlikely that Gray will commit another serious crime. U.S.S.C., *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* 12 (2004); *see also* U.S.S.C., *The Effects of Aging on Recidivism Among Federal Offenders* (2017). Furthermore, reducing Gray's sentence to time served will not produce unwarranted sentencing disparities. Gray was one of fourteen Defendants indicted in this case, all of whom pled guilty. Gray was only charged in Count One. His co-defendants received sentences ranging from 24 months to 120 months. Once reduced to time served, Gray's sentence will effectively be reduced to 45 months of incarceration—squarely within the sentencing range imposed on his co-defendants.

Finally, Gray will receive support from his former spouse, Diona Gray, upon his release. Ms. Gray has expressed her willingness to permit Mr. Gray to reside in her 3-bedroom home in Martinsburg, West Virginia. As Ms. Gray is a licensed physical therapy assistant in a nursing home, she is uniquely positioned to provide a safe home environment and to direct

Mr. Gray to the proper medical resources as he attempts to manage his medical conditions outside of the prison environment.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 3rd day of June, 2020, that Defendant Gray's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Nos. 466, 469) is GRANTED., subject to the following conditions:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Defendant Jerome Gray's term of incarceration is reduced to time served, such that he is released from the custody of Bureau of Prisons as soon as the terms of this Order can be implemented;

2. Prior to his release from custody, the Bureau of Prisons is directed to place the Defendant Jerome Gray in quarantine for a period of 14 days and to evaluate him for the purposes of receiving a medical clearance;

3. Upon the expiration of the 14-day quarantine period and receipt of a medical clearance, the warden of FMC Lexington shall forthwith release from custody the person of the Defendant, Jerome Gray;

4. Defendant Jerome Gray shall be on supervised release status for a period of four years;

5. Defendant Jerome Gray shall be released to the custody of his former spouse, Diona Gray, at her residence in Martinsburg, West Virginia;

6. While traveling from FMC Lexington to his residence, Defendant Jerome Gray will isolate himself to the best of his ability. Upon reaching his residence, Defendant Jerome Gray shall observe all applicable stay-at-home orders; and

7. Pretrial/Probation will review the conditions of release with Defendant Jerome Gray.

                                                        \_\_\_/s/_____
                                                        Richard D. Bennett
                                                        United States District Judge